UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MATTHEW KEMP                                    CIVIL ACTION NO. 20-1510

                                               SECTION P

VS.

                                               JUDGE TERRY A. DOUGHTY

PAYTON SPARKS, ET AL.                          MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Matthew Kemp, a former prisoner at Franklin Parish Detention Center ("FPDC")

proceeding pro se and in forma pauperis, filed this proceeding on approximately November 24,

2020, under 42 U.S.C. § 1983.  [doc. # 1, p. 5].  He names Payton Sparks and Debra Crawford as

defendants.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

On May 4, 2019, someone photographed Plaintiff for his Louisiana I.D. card.  [doc. # 1,

p. 3].  On August 9, 2019, when he was being released from FPDC, he retrieved his "parole

package," which included his I.D., Social Security Card, and medicine card.  *Id.*  He claims that

"they" erroneously included the phrase, "Sex Offender," on his I.D.  *Id.*  He maintains that he is

not a sex offender.  *Id.*

Plaintiff claims that defendants slandered his name, and he seeks compensation for his

pain and suffering.  *Id.* at 5.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2).  Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.   *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981

F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period sua sponte.  See *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984).  Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).

Here, Plaintiff's claim accrued on August 9, 2019.  He writes: "I went to sign out August 9, 2019, and went and got my parole package where inside the envelope where [sic] my I.D. and S.S.N. Card and my medicine card.  So when I got back to the dorm I looked at my I.D. and right under my picture they had SEX OFFENDER when I wasn't a sex offender . . . [sic]."  [doc. # 1, p. 3].  Plainly, Plaintiff had knowledge of the alleged violation on August 9, 2019.  Even assuming he did not, he knew or should have known of his claim at the latest on August 21, 2019, when someone at the Department of Motor Vehicles asked him about being a sex offender. *Id.*

Plaintiff therefore had one year, or until (at the latest) August 21, 2020, to file his claim. As Plaintiff did not file his claim until, at the earliest, November 24, 2020, the claims are, on

their face, subject to dismissal.[2]  [doc. # 1, p. 5].

<u>**Recommendation**</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Matthew Kemp's claims be **DISMISSED** as untimely, as frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 18th day of December, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] The limitations period is subject to equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before he filed this proceeding.